LINDA S. DAVIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 6446-88
United States Tax Court
T.C. Memo 1989-46; 1989 Tax Ct. Memo LEXIS 46; 56 T.C.M. (CCH) 1178; T.C.M. (RIA) 89046; January 30, 1989; As amended January 31, 1989 Linda S. Davis, pro se. Karen M. Quesnel, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in, and additions to, petitioner's Federal income tax for the following years and in the following amounts: Additions to Tax Under Sections
Year
Deficiency
6651(a)(1) [1] *49 6653(a)
6653(a)(1)
6653(a)(2)
6654
1980
$ 3,665
$   916
$ 183
*
* $ 233
1981
4,147
1,037
*
$ 207 **
317
1982
1,287
322
*
64 **
125
1983
1,156
289
*
58 **
71
1984
5,333
1,333
*
267 **
335
1985
4,967
1,242
*
248 **
286
In addition, with respect to petitioner's 1984 taxable year, respondent determined that petitioner was subject to the addition to tax provided by section 6661 in the amount of $ 533. The issues for decision are: (1) whether petitioner had unreported taxable income during the years at issue; and, (2) whether petitioner is liable for the additions to tax as determined by respondent. FINDINGS OF FACT Some facts have been stipulated and are so found. The stipulation of facts and attached exhibit are incorporated herein by this reference. Linda S. Davis (petitioner) and her husband (Mr. Davis) were married and lived in Fallon, Nevada, at the time the petition in this case was filed, and at all other times relevant herein. Nevada is a community property state. During the years at issue, petitioner was a homemaker of the Davis family, and Mr. Davis was self-employed as an operator of dead animal pits and dump sites. Mr. Davis was paid for his services by Churchill County, Nevada (the County). The County provided certain information *50 to respondent, specifically Forms 1099 for each of the years at issue, which revealed the payments the County made to Mr. Davis for services he rendered as an operator of dead animal pits and dump sites. Using the information provided by the County, respondent determined that Mr. Davis received compensation in the following years and amounts: Year
Compensation
1980
$ 34,998.68
1981
37,724.13
1982
20,499.98
1983
20,475.00
1984
50,100.00
1985
49,012.00
Respondent further attributed 50 percent of Mr. Davis' compensation to petitioner, as follows: Petitioner's Community
Year
Property Share
1980
$ 17,500
1981
18,862
1982
10,250
1983
10,238
1984
25,050
1985
24,506
Petitioner did not file a Federal income tax return, or pay any income taxes, for any of the years before us. Respondent determined deficiencies in petitioner's Federal income taxes as to those amounts of Mr. Davis' compensation which respondent attributed to petitioner. Further, respondent computed such deficiencies in tax using a married, filing separately, tax filing status for petitioner, with one exemption. Finally, respondent *51 also determined that petitioner is subject to the additions to tax provided for in section 6651(a)(1) for a failure to file an income tax return for each of the years in question, in sections 6653(a), 6653(a)(1) and 6653(a)(2) for negligence, in section 6654 for a failure to pay estimated income tax payments, and in section 6661 for a substantial understatement of her income tax liability. OPINION The first issue is whether petitioner received unreported taxable income during the years in dispute, as determined by respondent. We find that petitioner did receive such income. Gross income includes "compensation for services." Sec. 61(a)(1). Under Nevada's community property law, all property acquired after marriage by either spouse is considered the property of the community, unless there is an agreement to the contrary, or unless the property was acquired by one of the spouses during marriage by gift, bequest, devise, descent, or as an award for personal injury damages. Nev. Rev. Stat. sec. 123.010, 123.220 (1986). Further, each spouse has an equal and present interest in all property of the community. Nev. Rev. Stat. 123.225 *52 . A spouse residing in a community property state, such as Nevada, has ownership rights in one-half of all of both spouses' community income and generally must report one-half of all such income when he or she files a separate Federal income tax return. United States v. Mitchell,403 U.S. 190 (1971); United States v. Malcolm,282 U.S. 792 (1931). This is true regardless of whether such spouse actually "receives" his or her share of such income. Kimes v. Commissioner,55 T.C. 774, 782 (1971). Relying upon the Forms 1099 concerning Mr. Davis, respondent determined that Mr. Davis received the amounts that were reported by the County as paid to him. Further, through an application of Nevada's community property law and of Federal income tax law, respondent determined that petitioner was taxable on one-half of the amounts received by Mr. Davis in each year at issue from the County, and issued a notice of deficiency to that effect. Respondent's determination in his notice of deficiency is presumptively correct, and petitioner bears the burden of proving, by a preponderance of the evidence, that such determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); *53 Rule 142(a). Petitioner has not presented to the Court any evidence to establish that respondent's determination, that petitioner is taxable on one-half of the amounts paid to Mr. Davis as compensation, is incorrect. Rather, petitioner makes a legal argument, based upon her interpretation of section 1.1402(a)-8, Income Tax Regs., that, despite Nevada community property law, all of the income received by Mr. Davis is attributable to, and, therefore, taxable to, him alone for Federal income tax purposes. Such regulation, however, does not apply to the income tax imposed by Title 26, Subtitle A, Chapter 1, section 1 et seq., the tax in which respondent has determined a deficiency for the years at issue. The cited regulation applies only to the self-employment tax imposed by Title 26, Subtitle A, Chapter 2, section 1401 et seq., on self-employment income, as defined by section 1402. That is, the regulation cited by petitioner concerns a tax which is imposed in addition to an income tax. Accordingly, as petitioner's cited regulation is inapplicable, and as petitioner has made no further arguments or evidentiary showings, we sustain respondent's determination of deficiency *54 for each of the years before us. The second issue for decision is whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a), 6653(a)(1), 6653(a)(2), 6654 and 6661 as respondent determined she was in his notice of deficiency. Again, petitioner bears the burden of proving, by a preponderance of the evidence, that respondent's determination of such additions to tax is incorrect. Welch v. Helvering, supra.
Petitioner has made no evidentiary showing regarding the applicability of any of the additions to tax determined by respondent. Petitioner has made only a legal argument that the addition to tax under section 6651(a)(1) is inapplicable. Respondent determined that, because petitioner failed to file a Federal income tax return with respect to any of the years in issue, petitioner is liable for the addition to tax provided by section 6651(a)(1). Petitioner asserts that the exception to the section 6651(a)(1) addition to tax, found in section 6651(e) (formerly section 6651(d)), applies to her. This exception, however, has no application in this case. Section 6651(e) provides, in general, that the addition to tax under section 6651(a)(1), *55 which is imposed for a failure to file an income tax return, shall not apply in the case of any failure to pay an estimated tax. Petitioner asserts that the taxes in which respondent has determined a deficiency are "estimated" because no return was filed, and because respondent has merely made, petitioner asserts, an "estimate" of the tax owing based on the amount of income received by petitioner's husband and attributable to petitioner. Accordingly, petitioner argues, the section 6651(a)(1) addition to tax is not applicable to her. Petitioner's argument, however, confuses: (1) an "estimated tax," which refers to the requirement under sections 6654 and 6655 that a taxpayer pay on the basis of quarterly installments, an estimate of their income tax for a particular year, with (2) an amount of income tax determined by respondent to be owed by a taxpayer on the basis of respondent's reconstruction of that taxpayer's income for that year. While respondent's reconstruction of a taxpayer's income is, in essence, an "estimate," such reconstruction does not result in the type of "estimated tax" which is the subject of sections 6654 and 6655, and which is the type of tax excluded from *56 the application of section 6651(a)(1). Thus, the taxes for which petitioner failed to file an income tax return, are not excused by section 6651(e) from being subject to the addition to tax provided by section 6651(a)(1). Accordingly, because petitioner has failed to produce any evidence on this issue, and because petitioner's legal argument concerning the applicability of the addition to tax provided by section 6651(a)(1) has been rejected, we find that petitioner is subject to that addition to tax as determined by respondent. Sustained also is respondent's determination that petitioner is subject to the addition to tax provided by section 6654. Section 6651 is imposed upon petitioner for her failure to file a Federal income tax return for the years at issue. Petitioner, however also failed to pay any taxes for those years. While petitioner's failure to pay is not subject to the addition to tax provided by section 6651, by reason of section 6651(e), such failure to pay is subject to the addition to tax provided by section 6654. Petitioner failed to produce any evidence on this issue and, accordingly, respondent's determination is sustained. Further, we also *57 sustain respondent's determination as to the additions to tax under sections 6653(a), 6653(a)(1), and 6653(a)(2) here in question. Petitioner failed to comply with the Internal Revenue Code, by failing to file a return, in each of the years before us. Further, petitioner failed to produce any evidence to show that her failures to file were not due to negligence, as respondent determined they were in his notice of deficiency. Accordingly, petitioner is subject to the additions to tax as determined by respondent under sections 6653(a), 6653(a)(1), and 6653(a)(2). [2]
Finally, we also sustain respondent's determination that petitioner is subject to the addition to tax provided by section 6661 in regard to petitioner's 1984 taxable year. Petitioner failed to produce any evidence to show that her understatement of income tax in 1984 was not "substantial" within the meaning of section 6661. Accordingly, petitioner is subject to that addition to tax as determined by respondent. [3]
*58 For the foregoing reasons, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
*. Not applicable. ** 50 percent of the interest due on the deficiency determined for each of the taxable years 1981 through 1985, inclusive.↩
2. See Deats v. Commissioner,T.C. Memo. 1986-221; Rodeck v. Commissioner,T.C. Memo. 1986-99; Dimmers v. Commissioner,T.C. Memo. 1986-35↩.
3. Respondent's determination of an addition to tax under section 6661 is in the amount of 10 percent of the amount of petitioner's underpayment which is attributable to her substantial understatement of income tax. The correct amount of such addition to tax should have been 25 percent, since such addition will be assessed after October 21, 1986. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, 100 Stat. 1874; Pallottini v. Commissioner,90 T.C. 498↩ (1988). Respondent did not, at any time, assert a claim for the correct, increased amount of such addition to tax. Accordingly, we will not increase the amount to which petitioner is subject. See sec. 6214(a).