**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARTHA L. GILLIAM,

　　　　　Petitioner - Appellant,

　　v.

COMMISSIONER OF INTERNAL
REVENUE,

　　　　　Respondent - Appellee.

No. 02-9008
(T.C. No. 7469-00)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **SEYMOUR**, and **EBEL**, Circuit Judges.

　　　　After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

　　　　Petitioner Martha Gilliam appeals the Tax Court's dismissal of her petition for failure to prosecute, its determination that petitioner owed deficiencies in

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

federal income tax, and its imposition of sanctions. We exercise jurisdiction pursuant to 26 U.S.C. § 7482(a)(1) and AFFIRM.

## I. Background

Petitioner filed no federal income tax returns for tax years 1994, 1995, and 1996. During that period, she and her husband derived income from USA Printing, a business owned and operated by petitioner's husband. The Commissioner of Internal Revenue ("the Commissioner") calculated the income earned by petitioner and her husband and attributed to petitioner in a notice of deficiency her one-half share of community income under New Mexico community property law. N.M. Stat. Ann. § 40-3-8 (1978). The Commissioner also assessed penalties against petitioner for failure to file tax returns, under 26 U.S.C. § 6651(a)(1), and for failure to pay estimated taxes, under 26 U.S.C. § 6654.

Gilliam petitioned the Tax Court, attacking the notice of deficiency on several grounds. In response to the Commissioner's motion for judgment on the pleadings, petitioner filed a document characterized by the Tax Court as an amendment to the petition. In this document, in addition to reiterating her arguments attacking the notice of deficiency, petitioner argued that she owed no taxes under New Mexico's community property law and that the notice of deficiency violated her constitutional rights. Finding only the allocation of

community property justiciable, the Tax Court denied the Commissioner's motion, but struck all petitioner's remaining arguments.

After the case was set for trial, the Commissioner filed a "Motion to Show Cause Why Proposed Facts in Evidence Should Not Be Accepted as Established" because petitioner refused to respond to requests for admissions, refused to enter into a stipulation of facts for trial, and continued to insist that the community property laws did not apply to her.[1] The Tax Court issued an order explaining to petitioner that, under New Mexico law, she owned half of the community income from USA Printing. The order also characterized petitioner's remaining arguments as "erroneous, irrelevant, frivolous, or unintelligible." The Tax Court granted the Commissioner's motion, and deemed the facts and evidence set forth in the proposed stipulation established.

On April 22, 2002, petitioner and her husband appeared, proffering to the court a "notice of misprision of felony," which attacked the validity of the notice of deficiency because it was not contained in petitioner's "individual master file." Based upon petitioner's continued insistence – in the face of the court's order to the contrary – that she was not subject to New Mexico community property law,

---

[1] The Commissioner based his motion on Tax Court Rules 90(c), under which matters contained in requests for admissions are deemed admitted if not timely answered, 26 U.S.C. § 7453, and 91(f), under which a motion for deemed admission of a proposed stipulation may be filed if a party has refused to participate in the stipulation process, 26 U.S.C. § 7453.

and upon her continued insistence – in the face of the court's explanation to the contrary – that the notice of deficiency was invalid, the Commissioner filed a motion for sanctions under 26 U.S.C. § 6673.[2] At the hearing, petitioner stated as follows: "I'm not here to give testimony; I'm giving you notice. This court has been served notice of misprision of felony and has a fiduciary duty." In response, the Tax Court indicated its familiarity with the record and reiterated to petitioner that she was mistaken as to the notice of deficiency. In addition, the Tax Court characterized petitioner's arguments as "gibberish" and repeatedly warned petitioner that she risked sanctions if she continued to press frivolous arguments, suggesting that petitioner should consult competent counsel.

The Commissioner orally moved for dismissal of the petition for lack of prosecution and submitted to the court a proposed decision, which included a reduction in deficiencies and penalties based upon the Commissioner's concession of part of the self-employment taxes included in the original notice of deficiency. The Tax Court granted the motion, dismissing the case "by reason of petitioner's failure to comply with the Court's Orders and Rules and otherwise properly prosecute." The court also assessed section 6773 penalties of $10,000 for delay and for advancing frivolous arguments. On May 2, 2002, the Tax Court issued a

---

[2] Under 26 U.S.C. § 6673, the Tax Court may impose sanctions where proceedings are instituted primarily for delay or where a taxpayer's position is frivolous or groundless.

written order formally dismissing the petition and imposing sanctions. This appeal followed.

## II. Discussion

### A. Standard of Review

Petitioner contends that we review the Tax Court's order dismissing for failure to prosecute de novo. Petitioner is mistaken. "[I]t is well established that every court has the inherent power, in the exercise of its discretion, to dismiss a case for want of prosecution and that an appellate court will not reverse such a dismissal in the absence of abuse of discretion." *Ducommun v. C.I.R.*, 732 F.2d 752, 754 (10th Cir. 1983) (reviewing the Tax Court's dismissal of petition) (citation omitted). We likewise review the Tax Court's imposition of section 6673 sanctions for abuse of discretion. *Fox v. C.I.R.*, 969 F.2d 951, 953 (10th Cir. 1992) (citation omitted). Because petitioner appears pro se, we construe her allegations more liberally than we would those prepared on her behalf by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999) (citation omitted). [3]

---

[3] For this reason, we treat petitioner's appeal of "the Tax Court Order entered April 3rd, 2002" as an appeal of the Tax Court's May 2, 2002, Order of Dismissal and Decision. The latter is an appealable final decision; the former is not.

B.  The Tax Court's Dismissal of Gilliam's Petition

Under Tax Court Rule 123(b), the Tax Court may dismiss a petitioner's case and enter a decision against the petitioner "[f]or failure . . . properly to prosecute or to comply with these Rules or any order of the Court."  26 U.S.C. § 7453.  It is abundantly clear that the Tax Court did not abuse its discretion in dismissing petitioner's case.  Petitioner neither entered into a stipulation of facts, as required by Tax Court Rule 90(c), nor responded to requests for admissions, as required by Tax Court Rule 91(f).    *See* 26 U.S.C. § 7453.  Further, as our summary of the history of this case indicates, petitioner has persistently advanced frivolous legal arguments, in direct contravention of the court's orders and in spite of the court's repeated attempts to direct petitioner to the proper law.  The Tax Court was, therefore, justified in dismissing Gilliam's petition.    *See, e.g.* , *Ducommun* , 732 F.2d at 754 ("[D]efiance of the [Tax Court's] Rules and Orders justified the dismissal of [petitioner's] action[].").

C.  Petitioner's 26 C.F.R. § 1.1402(a)-8 Argument

On appeal, petitioner relies upon 26 C.F.R. § 1.1402(a)-8, which regulates attribution of community property income when calculating tax on self-employment, for the proposition that the Commissioner should not have attributed fifty percent of her husband's USA Printing income to petitioner.  Petitioner also relies on the "non-frivolous" character of this argument to challenge the Tax

Court's imposition of sanctions.

Petitioner's argument is without merit for two reasons. First, the Commissioner conceded the self-employment tax in its revised calculation of petitioner's deficiency. Second, 26 C.F.R. § 1.1402(a)-8 regulates only the self-employment tax, which "concerns a tax which is imposed *in addition to* an income tax." *Davis v. Comm'r*, 56 T.C.M. (CCH) 1178, 1180 (1989) (emphasis in original). "[Section 1.1402(a)-8] applies only to the *self-employment tax* imposed by Title 26, Subtitle A, Chapter 2, section 1401 et seq., on self-employment income." *Id.* (emphasis in original). It does not, therefore, apply to petitioner under the facts of this case, which concern her regular income tax. Perhaps anticipating our agreement with the Tax Court's reasoning in *Davis*, petitioner challenges that reasoning and urges us not to follow the case. We agree, however, with the Tax Court that the regulation applies only to self-employment income. *See* 26 U.S.C. § 1401.

For these reasons, we find petitioner's reliance upon 26 C.F.R. § 1.1402(a)-8 unavailing.

### D. Sanctions under 26 U.S.C. § 6673

Under section 6673, the Tax Court may impose sanctions whenever it appears to the court, *inter alia*, that "proceedings before it have been instituted or maintained by a taxpayer primarily for delay . . . [or] the taxpayer's position in

such proceeding is frivolous or groundless." 26 U.S.C. § 6673(a). In its decision, the Tax Court may impose sanctions of up to $25,000. *Id.*

In support of her appeal of these sanctions, petitioner advances no credible argument that the Tax Court abused its discretion in imposing section 6673 sanctions. We have reviewed the record, including the transcripts of hearings before the Tax Court, in which the frivolous nature of petitioner's arguments and her lack of respect for the court, its rules, and its orders are abundantly clear. Based upon this review, and for the same reasons we articulated *supra* in Part II.B, we hold that the district court did not abuse its discretion in imposing $10,000 in section 6673 sanctions on petitioner.

### III. Conclusion

For the reasons set forth above, we AFFIRM the Tax Court's dismissal of petitioner's claims and its imposition of sanctions.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge

-8-