**Paul E. DUCOMMUN and Shirley D. Ducommun, et al., Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**Nos. 81–2228 to 81–2231.**

United States Court of Appeals, Tenth Circuit.

June 24, 1983.

Gloria T. Svanas, Odessa, Tex., for petitioners-appellants.

Kenneth L. Greene, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Richard Farber and Jo-Ann Horn, Attys., Tax Div., Dept. of Justice, Washington, D.C., on the brief), for respondent-appellee.

Before DOYLE, McKAY and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

These four appeals attack the dismissal by the Tax Court of four related actions for failure to prosecute. Four groups of taxpayers sued for redetermination of income tax deficiencies assessed by the Commissioner of Internal Revenue, CIR, for the tax year 1976. The disputes arose from the operations of a partnership in which all of the taxpayers were interested. We affirm.

The partnership filed a timely information return for 1976. The deficiency assessment was based on the treatment of partnership capital gains and losses in the timely filed individual returns. The pro se petitions of the taxpayers, filed on July 14, 1980, were couched in conclusory language and asserted that the deficiency assessments were arbitrary, capricious, and without factual support. To support their claims, the taxpayers referred to a schedule attached to the partnership return.

In February, 1981, the Tax Court notified the petitioners that trial was set for June 1, 1981, in Denver, that the parties should stipulate to undisputed facts and documents, and that the parties should confer promptly to meet this requirement. See Rule 91, Tax Court Rules of Practice and Procedure. On May 28, 1981, a subpoena duces tecum was served on petitioner Paul Ducommun directing him to produce enumerated documents at the June 1 trial. On that date he appeared with counsel and presented a written motion to quash or modify the subpoena. The motion alleged that "the entity involved [presumably the partnership] has not been timely examined by the Internal Revenue Service within the statutory period allowed for assessment of tax." The taxpayer did not challenge

statements by counsel for CIR that the government's requests for information had failed. The documents required by the subpoena were not produced. The Tax Court continued the matter until June 4. Counsel for the taxpayers said that he would be "available" at that time. R. vol. II, p. 11.

On June 4 none of the taxpayers, nor their counsel, appeared. The court denied the motion to quash or modify the subpoena and further:

"ORDERED that the parties are to file with the Court on or before July 24, 1981, a status report, stating whether or not a basis of settlement has been reached or if a meaningful stipulation of facts has been prepared for the trial of this case. If a settlement has not been reached or a meaningful stipulation of facts has not been prepared by said date, counsel for respondent may file a motion to dismiss for lack of prosecution in these cases."

On July 27, CIR filed a motion to dismiss stating noncompliance with the subpoena and no effort by the taxpayers to settle or enter into a meaningful stipulation of the facts. On July 30, the Tax Court dismissed the four actions. On September 1 new counsel filed an entry of appearance and moved to set aside the order of dismissal. This motion was denied on September 9, 1981, and these appeals followed.

To support their claim that the dismissal was arbitrary and capricious, taxpayers argue that the deficiency assessment was barred by the three-year statute of limitations provided in 26 U.S.C. § 6501(a) and (b). The argument has no merit. The bar of the statute was not raised in any of the petitions attacking the deficiency assessment. Tax Court Rule 34(b)(4) requires that the petition for relief clearly state all alleged errors in the deficiency assessment and that "... any issue not raised in the assignment of errors shall be deemed to be conceded...." The failure to raise the bar in the petitions is not cured by its assertion

in Paul Ducommun's motion to quash the subpoena.

Section 701, 26 U.S.C., provides that partners are individually liable for taxes on income from the partnership. The notice of deficiency was timely under § 6501 and it suspends the running of the statute of limitations on assessment and collection. The partnership information return required by § 701, affords no basis for any claim of a statutory bar.

Tax Court Rule 123(b) authorizes dismissal of a case for failure to prosecute properly, or to comply with the Rules or Orders of the court, or for other cause which the court deems sufficient. As discussed in *Freedson v. Commissioner of Internal Revenue*, 5 Cir., 565 F.2d 954, 955, the Advisory Committee Note to Rule 123(b) suggests that courts should look to Rule 41, F.R.Civ.P., for guidance in determining standards for dismissal. In that context, it is well established that every court has the inherent power, in the exercise of its discretion, to dismiss a case for want of prosecution and that an appellate court will not reverse such a dismissal in the absence of abuse of discretion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–633, 82 S.Ct. 1386, 1388–90, 8 L.Ed.2d 734; and *Petty v. Manpower, Inc.*, 10 Cir., 591 F.2d 615, 617. The Tax Court did not abuse its discretion in dismissing the actions.

Taxpayers other than Paul Ducommun contend that they were deprived of due process because the Tax Court acted in part on the failure of Paul Ducommun to respond to the subpoena. That failure was but one incident. None of the petitioners-taxpayers complied with the Rules and Orders of the court. They had a neutral forum for presentation of their claims with full opportunity to be heard. Their defiance of the Rules and Orders justified the dismissal of their actions. *Miller v. Commissioner of Internal Revenue*, 8 Cir., 654 F.2d 519, 521.

In Nos. 81–2228, 81–2229, 81–2230, and 81–2231 the judgments are severally affirmed.