872 F.2d 496
 277 U.S.App.D.C. 61
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Wayne D. WOOD, Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
And consolidated cases
 No. 88-1424.
 United States Court of Appeals, District of Columbia Circuit.
 April 24, 1989.
 
 Before WALD, Chief Judge, and SPOTTSWOOD W. ROBINSON, III and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States Tax Court and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the orders of the United States Tax Court filed September 2, 1987, November 17, 1987, January 5, 1988 and March 10, 1988 be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 These consolidated appeals challenge orders of the United States Tax Court dated September 2, 1987 setting these cases for trial, November 17, 1987 and January 5, 1988 denying motions for disqualification, and orders dated March 10, 1988 dismissing these actions for failure to prosecute. We affirm.
 
 
 5
 Taxpayers allege that the Tax Court Judge was biased in favor of the Commissioner of the Internal Revenue Service ("Commissioner") and lacked impartiality. In addition, taxpayers contend that it was improper for the court to dismiss these actions for failure to prosecute, since there was no evidence of delay and the parties had reached a settlement. Finally, taxpayers Wayne D. Wood and Norman C. Park argue the Tax Court erred in not granting their motion for partial summary judgment, since the Commissioner did not file an affidavit in opposition to the motion.
 
 
 6
 28 U.S.C. Sec. 455 provides the test for disqualification of a federal judge. That section provides for disqualification if a judge has a personal bias or prejudice concerning a party. Disqualification based on prejudice is required only if the alleged prejudice stems from an extrajudicial source. See United States v. Heldt, 668 F.2d 1238, 1272 n. 71 (D.C.Cir.1981), cert. denied, 456 U.S. 926 (1982); United States v. Haldeman, 559 F.2d 31, 132-34 & n. 297 (D.C.Cir.1976) (en banc), cert. denied, 431 U.S. 933 (1977).
 
 
 7
 Judge Goffe properly denied the motion for disqualification. Taxpayers incorrectly rely on judicial rulings and courtroom conduct to demonstrate actual bias or impartiality. It was within the court's power to control its own docket and set these actions for trial. See Will v. Calvert Fire Ins. Co., 437 U.S. 655, 665 (1978). Whatever bias or prejudice is alleged by taxpayers in the handling of the Hanna and Stemkowski cases is clearly not from an extrajudicial source; it is based on the court's rulings in this case. Also, the allegations of improper courtroom conduct are not extrajudicial in nature, and they reflect the court's frustration with counsel's failure to stipulate facts, file settlement documents, obey court orders or prepare for trial.
 
 
 8
 Rule 123(b) of the Rules of Practice of the United States Tax Court provides for dismissal for failure to prosecute or comply with any order of the court. Dismissal under Rule 123(b) is a matter within the sound discretion of the court and will not be overturned on appeal absent an abuse of discretion. Sauers v. Commissioner, 771 F.2d 64, 66 (3rd Cir.1985); Miller v. Commissioner, 741 F.2d 198, 200 (8th Cir.1984); Docommun v. Commissioner, 732 F.2d 752, 754 (10th Cir.), cert. denied, 464 U.S. 939 (1983).
 
 
 9
 The Tax Court dismissed these actions for failure to stipulate facts pursuant to Tax Court Rule 91(a), failure to file settlement documents or be prepared for trial, and failure to comply with several court orders. In light of the long history of these actions before the Tax Court, dismissal for failure to prosecute was not an abuse of discretion.
 
 
 10
 Prior to dismissal, these actions had been pending before the Tax Court for over a decade. Despite statements to the contrary, taxpayers failed to either file settlement documents or prepare for trial. The Tax Court gave the taxpayers numerous opportunities to settle these actions. In fact, these cases were subject to dismissal in January of 1987, after taxpayers' counsel failed to stipulate facts, file trial memoranda or prepare for the January 11, 1987 trial date. Another year passed, and the parties had still not filed settlement decisions with the court and taxpayers again arrived unprepared for trial. Under these circumstances, dismissal of these actions was within the court's discretion.
 
 
 11
 Taxpayers Wayne D. Wood and Norman C. Park additionally assert that the Tax court erred in denying their motions for partial summary judgment. Taxpayers argue that the Commissioner relied on "inferences, hearsay and conclusions," rather than filing contrary affidavits in support of his opposition to the summary judgment motion.
 
 
 12
 Rule 121(d) of the Tax Court provides that an adverse party to a summary judgment motion must set forth specific facts by affidavit or "other acceptable materials" showing that there is a genuine issue for trial. The motion was based on the issue of the calculation of the foreign income exclusion, and both parties relied on the settlement agreement to support their position. The Tax Court sustained the Commissioner's objection on this issue, finding that the express terms of the agreement controlled. The Tax Court rules did not require the Commissioner to file an affidavit in opposition to the summary judgment motion, and the court did not err in permitting the Commissioner to base his objection on the terms of the settlement agreement.
 
 
 13
 Accordingly, the orders of the United States Tax Court are affirmed.