DAVID R. HANCOCK AND MARY K. HANCOCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hancock v. Commissioner
Docket No. 28674-91
United States Tax Court
T.C. Memo 1993-465; 1993 Tax Ct. Memo LEXIS 477; 66 T.C.M. (CCH) 993; October 5, 1993, Filed *477 David R. Hancock, pro se. For respondent: William R. Davis. FAY
FAY
MEMORANDUM OPINION FAY, Judge: By statutory notice of deficiency, respondent determined deficiencies in and additions to petitioners' Federal income taxes in the following amounts: Additions to Tax
Sec.
Sec. Sec. Sec.
Year
Deficiency
6653(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6661
1987
$ 159,448
--  $ 7,972
[1]
$ 39,862
1988
47,326
$ 2,366
--  --  11,832
All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The only issue before this Court is whether, under Rule 123(b), this Court should dismiss petitioners' case and enter a decision for respondent. We find that petitioners have totally failed to properly prosecute their case, and thus, respondent's amended motion to dismiss for failure to properly prosecute will be granted. Petitioners filed on December 9, 1991, a timely petition for a redetermination of the deficiencies at issue in the statutory notice. At the time of the *478 filing of their petition, petitioners were residents of Colorado Springs, Colorado. The main adjustment made by respondent in the deficiency notice consisted of increasing the amount of income realized by petitioners from American Heavy Trading, Inc., an S corporation of which petitioners were shareholders. Additionally, adjustments were made by respondent for petitioners' contribution to a retirement plan as well as adjustments relating to unreported income. On September 2, 1992, a notice setting case for trial as well as a standing pretrial order was served on the parties. In order to conduct the pretrial preparation in this case, respondent mailed a letter to petitioners on October 23, 1992, in which respondent invited petitioners to a conference on November 6, 1992. Respondent's letter also requested that petitioners bring certain relevant records to the conference. Respondent's October 23, 1992, letter was returned unclaimed to respondent on October 30, 1992. Petitioners failed to attend the conference scheduled for November 6, 1992, and failed to contact respondent for the purpose of scheduling another conference. Because of petitioners' failure to comply with this Court's *479 informal discovery process, on November 9, 1992, respondent served interrogatories on petitioner David R. Hancock (petitioner). Upon review, we find that the interrogatories were relevant to issues before this Court. Petitioners failed to answer or object to the interrogatories served by respondent. On November 19, 1992, pursuant to Rule 72, respondent served on petitioners a request for the production of documents. Again, petitioners failed to produce the requested documents or to otherwise object. On December 28, 1992, respondent filed both a motion to compel production of documents and a motion to compel responses to respondent's interrogatories. By separate orders dated December 31, 1992, this Court granted both of respondent's motions and ordered petitioners to produce the requested documents and answer respondent's interrogatories on or before January 11, 1993. Petitioners ignored this Court's orders and failed to answer the interrogatories or produce the documents sought by respondent by the due date imposed by this Court. At the commencement of the trial session of this Court in Denver, Colorado, on February 8, 1993, petitioner made an appearance and respondent filed *480 a motion to dismiss for failure to properly prosecute. One working day prior to this Court's trial session beginning on February 8, 1993, petitioner met with respondent for the first time on Friday, February 5, 1993. At this meeting, petitioner dumped five boxes of "records" on respondent's counsel. After a lengthy chambers conference, this Court set this case to be recalled on February 17, 1993, and ordered the parties to meet and discuss resolution of the issues in this case. At the February 17, 1993, recall of this case, many issues were still unresolved. This Court ordered the parties to file status reports on this case by March 5, 1993, and this Court took respondent's motion to dismiss for failure to properly prosecute under advisement. Respondent, in her status report dated March 4, 1993, reported that the parties met several times in February in an attempt to resolve outstanding issues, without success. On March 8, 1993, respondent filed an amended motion to dismiss for failure to properly prosecute. In this motion, respondent sought dismissal for failure to properly prosecute and entry of a decision against petitioners reflecting significantly reduced deficiencies. *481 [1] This Court, by certified mail, ordered a response from petitioners to respondent's amended motion to dismiss by April 5, 1993. This Court's Order was "returned to sender" as undeliverable because the addressees had moved and "Left No Address". This Court, once again, issued an order to the parties setting this case for trial and for hearing on respondent's amended motion to dismiss, to be held on July 23, 1993. On July 23, 1993, this case was called and, again, petitioner was not prepared to proceed with a trial in this matter. For example, petitioner had not exchanged with respondent any of the documents *482 and materials which petitioner expected to utilize at trial at least 15 days before the first date of trial. Moreover, petitioner was attempting to raise issues not properly before this Court, and petitioner refused to even stipulate the notice of deficiency as of July 21, 1993, 2 days prior to the trial date in this matter. It is well established that this Court can dismiss a case against a party if that party fails to follow our Rules or otherwise fails to properly prosecute his case. . As set forth above, petitioners failed to respond to respondent's informal or formal discovery attempts. Petitioners also disregarded the written orders of this Court by which we ordered petitioners to produce documents and answer interrogatories. Moreover, we find that petitioners' failure to cooperate with respondent during the pretrial period has made it impossible for respondent to conduct negotiations, exchange information, and stipulate mutually agreeable facts as required by Rule 91(a). The standing pretrial order has not been complied with by petitioners, nor have the mandates of the Court in . *483 Furthermore, no trial memorandum or even an informal writing was filed by or on behalf of petitioners during the initial February 8, 1993, trial calendar. Thus, we find petitioners disregarded this Court's Rules and orders and have therefore failed to properly prosecute their case. Despite petitioners' total failure to participate in the pretrial preparation of this case, petitioners were given numerous opportunities after this case was called on February 8, 1993, to meet with respondent, present records, and file a status report by March 5, 1993, with this Court. [2] *484 Although respondent has partially conceded a large portion of the deficiencies at issue in her amended motion to dismiss, there has been no further progress reported by respondent in her status report. [3]
Accordingly, petitioners' case will be dismissed pursuant to Rule 123(b), and a decision will be entered for respondent reflecting the reduced deficiencies contained in respondent's amended motion to dismiss for failure to properly prosecute. An appropriate order and decision will be entered. Footnotes
1. Fifty percent of the interest due on $ 159,448.↩
1. The deficiencies sought by respondent in the deficiency notice for 1987 and 1988 were in the amounts of $ 159,448 and $ 47,326, respectively. After agreeing to reduce the deficiencies for 1987 and 1988 by $ 48,658 and $ 39,627, respondent filed an Amended Motion to Dismiss for Failure to Properly Prosecute and moved for entry of decision, in the amounts of $ 110,790 and $ 7,699 for 1987 and 1988, respectively.↩
2. This Court allowed petitioners, as pro se litigants, much latitude in submitting records to respondent after this case was initially called for trial on Feb. 8, 1993, in order to preserve petitioners' substantive claims, if any. Petitioners' persistent disregard for our Rules and orders, however, gives us more than adequate reason to dismiss these cases. We also note that petitioners were associated with an accountant during different stages of this proceeding.↩
3. Respondent filed her status report on Mar. 8, 1993, but no report has been filed by petitioners although they were required to file one.↩