RUDY G. STANKO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stanko v. Commissioner
Docket No. 25257-91
United States Tax Court
T.C. Memo 1993-513; 1993 Tax Ct. Memo LEXIS 524; 66 T.C.M. (CCH) 1216; T.C.M. (RIA) 93513; November 9, 1993, Filed *524 An appropriate order will be issued granting respondent's motion to dismiss, and a decision will be entered for respondent. William R. Davis, Jr., for respondent. FAY
FAY
MEMORANDUM OPINION FAY, Judge: The instant case is before the Court on respondent's Motion to Dismiss for Lack of Prosecution. This motion was filed upon petitioner's failure to appear when this case was called for trial on February 8, 1993. We considered respondent's motion as a motion to dismiss for failure to properly prosecute pursuant to Rule 123(b) [1] when it was acted upon and granted in part at the hearing on February 8, 1993. By statutory notice of deficiency, respondent determined deficiencies in and additions to petitioner's Federal income tax in the following amounts: Additions to Tax Sec. Sec. Sec. Sec.
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654
1984
$ 961,134
$ 228,520
$ 48,057
[1]
$ 56,730
1985
9,611
2,403
481
[1]
551
*525 Respondent also determined the liability of petitioner, as transferee of assets of Stanko Packing Company, Inc., as follows: Additions to Tax
Tax
Year
Sec.
Sec.
Sec.
Sec.
Ending
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6655
6/21/85
$ 1,324,964
$ 323,806
$ 66,248
[1]
$ 83,203
By notice dated January 16, 1992, this case was set for trial at the Helena, Montana, trial session beginning on June 22, 1992. On March 18, 1992, petitioner filed a Motion to Change Place of Trial. Pursuant to a conference call held between the parties and this Court on *526 April 1, 1992, the Court, by Order dated April 3, 1992, granted petitioner's motion, changing the place of trial in this case from Helena, Montana, to Denver, Colorado. By notice dated September 2, 1992, the Court set this case for the February 8, 1993, Denver, Colorado, trial session. This notice specifically stated that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." On October 22, 1992, petitioner filed a second Motion to Change Place of Trial. On October 19, respondent filed her Notice of Objection to this motion, and on October 27, 1992, the Court denied petitioner's motion. Petitioner had filed a timely petition on November 4, 1991. Respondent filed a timely answer denying petitioner's allegations of error with respect to the foregoing deficiencies and additions to tax. Respondent also set forth specific affirmative allegations of fact in her answer supporting a finding that petitioner is liable as a transferee of Stanko Packing Company, Inc. (the transferor), for the transferor's deficiency and additions to tax. The affirmative allegations of fact in respondent's answer are as follows: 7. FURTHER ANSWERING the petition, *527 and in support of the determination that the petitioner Rudy G. Stanko is liable as transferee at law and in equity of assets of Stanko Packing Company, Inc., transferor, for the deficiency in corporate income tax due from said transferor for the tax year ended June 21, 1985, plus interest thereon as provided by law, the respondent alleges: (a) Stanko Packing Company, Inc. (Stanko Packing) was incorporated under the laws of the State of Nebraska and had its principal place of business at 2605 North 7th Street, Box 127, Gering, Nebraska 69341. (b) On June 14, 1984, Stanko Packing adopted a plan of complete liquidation and on July 9, 1984, a Form 966, Corporate Dissolution or Liquidation, was filed with the Service. (c) The petitioner, Rudy G. Stanko, was the sole shareholder of Stanko Packing at the time the notice to dissolve was filed. (d) The majority of the operating assets of the corporation were sold to Packerland Packing Company, Inc. (Packerland) of Greenbay, Wisconsin in July of 1984. Stanko Packing and Packerland entered into a contract to sell the land, buildings, fixtures, improvements, machinery, equipment, furniture, and vehicles, shop supplies, repair parts, tools *528 and other supplies owned by Stanko Packing Company to Packerland. (e) The sale closed on July 16, 1984. The consideration for the sale to Packerland was cash and a promissory note dated July 16, 1984 in the total amount of $ 3,900,000.00. (f) At the end of the taxable year ended August 25, 1984, Stanko Packing had assets of approximately $ 6,213,454.00, which assets were distributed to the petitioner, Rudy G. Stanko by December 31, 1984. (g) Stanko Packing Company, Inc., a Nebraska Corporation, filed a Statement of Intent to Dissolve dated June 21, 1985, with the Secretary of State for the State of Nebraska. (h) The total distribution to the petitioner of the assets that are no longer in the possession of Stanko Packing amounts to $ 6,213,454.00, which exceeds the liability of the corporation for its final taxable year ended June 21, 1985. (i) The transfer of property by Stanko Packing to the petitioner was without consideration. (j) The fair market value of the assets transferred to the petitioner was $ 6,213,454.00, or an amount which exceeded the deficiency, additions to the tax, and interest as provided by law due from Stanko Packing. (k) By reason of the transfer of property *529 to the petitioner [Rudy G. Stanko] Stanko Packing was rendered insolvent. (l) No part of the deficiency in income tax or the additions to the tax, together with interest as provided by law, due from Stanko Packing has been paid. (m) By reason of the transfer of the assets of Stanko Packing in the amount of $ 6,213,454.00 to the petitioner, the petitioner became, and is a transferee of assets within the meaning of I.R.C. § 6901 and Neb. Rev. Stat. §§ 36-604, 606, 607, and as such is liable for the deficiency in income tax and additions to the tax due from Stanko Packing for the taxable year ended June 21, 1985. Petitioner timely filed his reply on February 18, 1992. The reply, asserted, inter alia, typical tax protester arguments but failed to expressly admit or deny any of the affirmative allegations with respect to the transferee liability issue set forth by respondent in her answer. During the available pretrial preparation period, petitioner failed to meet with respondent on at least three occasions when conferences were made available at petitioner's request and for his convenience. This case was called at the Court's trial calendar in Denver, Colorado, on February 8, 1993. *530 Petitioner did not appear. At that time, respondent filed a Motion to Dismiss for Lack of Prosecution, seeking an order finding (1) the deficiencies and additions to tax as determined for petitioner for 1984 and 1985 and (2) petitioner liable as transferee for income tax liabilities of Stanko Packing Company, Inc., transferor, for the transferor's tax year ended June 21, 1985. After respondent's counsel was heard, the Court granted respondent's motion to dismiss with respect to those items for which petitioner had the burden of proof, [2] and took the transferee liability issue under consideration. The issue for decision is *531 whether petitioner Rudy G. Stanko is liable for the determined amounts as a transferee. Transferee Liability
Respondent has the burden of proving that petitioner is the transferee of assets of the transferor. Sec. 6902(a); Rule 142(d). A transferee, to the extent of assets received, may be liable for the transferor's Federal income tax and resulting additions to tax and interest in the year of transfer and prior years even though the tax liability of the transferor was unknown at the time of the transfer. Swinks v. Commissioner, 51 T.C. 13, 17 (1968); Kreps v. Commissioner, 42 T.C. 660, 670 (1964), affd. 351 F.2d 1 (2d Cir. 1965). Transferee liability is determined by a preponderance of the evidence. C.B.C. Super Markets, Inc. v. Commissioner, 54 T.C. 882, 898 (1970). Respondent is entitled to satisfy her burden by relying on facts deemed admitted. Bosurgi v. Commissioner, 87 T.C. 1403 (1986) (transferee liability); Marshall v. Commissioner, 85 T.C. 267 (1985) (fraud); Doncaster v. Commissioner, 77 T.C. 334 (1981) *532 (fraud). When a reply is filed, this Court's Rules establish that every affirmative allegation of fact set out in the answer and not expressly admitted or denied in the reply shall, without further action, be deemed to be a fact admitted. Rule 37(c); Beard v. Commissioner, 82 T.C. 766, 767-768 (1984), affd. 793 F.2d 139 (6th Cir. 1986). [3] Although the affirmative allegations of fact contained in respondent's answer are deemed admitted pursuant to Rule 37(c) in this case, the entry of default under Rule 123(a) also has the effect of admitting all well-pleaded facts in respondent's answer. Bosurgi v. Commissioner, supra at 1409. The entry of a decision against a taxpayer based on deemed admissions, where the Commissioner has the burden of proof and sufficient specific facts have been alleged *533 by the Commissioner thereby sustaining such burden, is within the sound judicial discretion of the Court. See Smith v. Commissioner, 91 T.C. 1049, 1058 (1988), affd. 926 F.2d 1470 (6th Cir. 1991); Bosurgi v. Commissioner, supra at 1408. The Court may, where the pleadings set forth facts sufficient to support a judgment that the taxpayer is a transferee, enter judgment against the taxpayer if appropriate. Bosurqi v. Commissioner, supra at 1408; see Smith v. Commissioner, supra at 1057-1058 (default decision under Rule 123(a) appropriate with respect to finding of fraud against taxpayer). The Court may grant a motion for default [4] brought by the Commissioner based on facts deemed admitted under Rule 37(c), where sufficient facts have been admitted to justify a finding of fraud. Gilday v. Commissioner, 62 T.C. 260, 262-263 (1974). This similarly applies with respect to transferee liability. Bosurqi v. Commissioner, supra at 1407-1409; see also Mizrahi v. Commissioner, T.C. Memo. 1992-200 *534 (deemed admissions under Rule 90(c) finding of transferee liability).
The substantive elements of whether a transferee is liable for the obligations of the transferor are determined under applicable State law. Commissioner v. Stern, 357 U.S. 39 (1958). The Nebraska Uniform Fraudulent Conveyance Act, applicable here, provides: 36-604. Conveyance by insolvent; fraudulent. Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his or her actual intent if the conveyance is made or the obligation is incurred without a fair consideration. [Neb. Rev. Stat. sec. 36-604 (reissue 1988); emphasis added.] Although this statute has since been replaced, the statute covering substantive matters in effect at the time of the transaction will govern the instant case, not later enacted statutes. Schall v. Anderson's Implement, Inc., 484 N.W.2d 86, 89-90 (Neb. 1992). *535 As previously discussed, petitioner is deemed to have admitted all the affirmative allegations of fact in respondent's answer. Furthermore, we find that the affirmative allegations of fact contained in the answer are factually sufficient to establish transferee liability against petitioner, as to each and every element. See Bosurgi v. Commissioner, supra at 1405-1406 (same allegations of fact used to establish substantially similar elements of transferee liability); Mizrahi v. Commissioner, supra (same allegations of fact used to establish substantially similar elements of transferee liability). Finally, on this record we find that respondent has met her burden of proof by way of her allegations of fact in establishing that petitioner is liable as a transferee for the amounts determined in the notice of deficiency and that respondent is entitled to a decision on this issue. Respondent's Motion to Dismiss Pursuant to Rule 123(b)
When a taxpayer, inter alia, fails to properly prosecute his or her case or fails to comply with the Tax Court Rules of Practice and Procedure, or the Court finds cause it deems *536 sufficient, the Court may dismiss the taxpayer's case at any time and enter a decision against the taxpayer. Rule 123(b). It is well established that this Court can dismiss a case against a party if that party fails to follow our Rules or otherwise fails to properly prosecute his or her case. Rule 123(b); Ducommun v. Commissioner, 732 F.2d 752 (10th Cir. 1983). As set forth above, petitioner's original designation of place of trial was Helena, Montana. Petitioner then filed a motion to change the place of trial to Denver, Colorado, such motion being granted by this Court. After thus shifting, maneuvering, and finally receiving his choice for the place of trial, petitioner failed to appear at the location which he went through so much trouble to designate. Moreover, we find that petitioner's failure to cooperate with respondent during the pretrial period made it impossible for respondent to conduct negotiations, exchange information, and stipulate mutually agreeable facts as required by Rule 91(c). The standing pretrial order has not been complied with by petitioner, nor the mandates of the Court in Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). *537 Furthermore, no trial memorandum was filed by or on behalf of petitioner. For the above discussed reasons, we granted respondent's motion at the hearing on February 8, 1993, as to the deficiencies and the additions to tax determined against petitioner for which petitioner bore the burden of proof. Furthermore, petitioner is liable in this case as a transferee. This fact, coupled with our ruling at the hearing on February 8, 1993, that petitioner failed to meet his burden of proof with respect to the transferor's tax liability, leads us to find that petitioner is liable for the deficiency and additions to tax determined against him as a transferee by respondent. To reflect the foregoing, An appropriate order will be issued granting respondent's motion to dismiss, and a decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
1. The addition to tax under sec.6653(a)(2) is in an amount equal to 50 percent of the interest due with respect to the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations.↩
1. The addition to tax under sec. 6653(a)(2) is in an amount equal to 50 percent of the interest due with respect to the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations.↩
2. The petitioner bears the burden of proof to show that the individual deficiency and additions to tax determined against petitioner are erroneous. The burden of proof also rests with petitioner to establish that the transferor is not liable for the deficiency determined by respondent. Sec. 6902(a); Rule 142(d); Alonso v. Commissioner, 78 T.C. 577, 580↩ (1982).
3. Respondent may file a motion seeking deemed admissions of affirmative allegations in the answer only where a reply is not filed.↩
4. Under Rule 123(a), this Court may also hold a party in default on its own initiative.↩