38 F.3d 1220
 74 A.F.T.R.2d 94-7145
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David R. HANCOCK, Petitioner-Appellant,
and
Mary K. HANCOCK, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-9001.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner-appellant David R. Hancock[2] appeals the Tax Court decision dismissing his case pursuant to Tax Court Rule 123(b) for failure to prosecute. Hancock v. Commissioner, 66 T.C.M. (CCH) 993 (1993). The court determined that Mr. Hancock failed to prosecute because he did not respond to the Commissioner's informal and formal discovery requests and disregarded the court's orders and rules of procedure.
 
 
 4
 "Rule 123(b) authorizes dismissal of a case for failure to prosecute properly, or to comply with the Rules or Orders of the court, or for other cause which the court deems sufficient." Ducommun v. Commissioner, 732 F.2d 752, 754 (10th Cir.), cert. denied, 464 U.S. 939 (1983). "[I]t is well established that every court has the inherent power, in the exercise of its discretion, to dismiss a case for want of prosecution and that an appellate court will not reverse such a dismissal in the absence of abuse of discretion." Id. After reviewing the briefs and record on appeal, we conclude the district court did not abuse its discretion in dismissing this case for failure to prosecute.[3]
 
 
 5
 Accordingly, we AFFIRM the Tax Court's decision for substantially the reasons set forth in its memorandum opinion, Hancock, 66 T.C.M. (CCH) 993. Mr. Hancock's motion for oral argument is DENIED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Although Mr. Hancock's wife, Mary K. Hancock, was a party in the Tax Court, she was not mentioned in the body of the notice of appeal or in the briefs on appeal as an appellant. Respondent argues that she is not a party to the appeal, and Mr. Hancock does not dispute that argument. Thus, we conclude that only Mr. Hancock is a party to this appeal. See Fed.R.App.P. 3(c) (pro se notice of appeal is not filed on behalf of signer's spouse when notice of appeal clearly indicates spouse is not party to appeal)
 
 
 [3]
 Mr. Hancock has raised several other issues on appeal. Because we conclude the district court did not abuse its discretion in dismissing this case for failure to prosecute, we do not address these issues