T.C. Memo. 1999-125


UNITED STATES TAX COURT


JOHN G. JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22579-96.                    Filed April 16, 1999.


John G. Jones, pro se.

<u>Michelle K. Loesch</u>, for respondent.


MEMORANDUM OPINION


PARR, <u>Judge</u>:  This case is before the Court on respondent's

motion to dismiss for failure to properly prosecute, filed March

18, 1999.

Respondent determined a deficiency of $216,042 in

petitioner's 1994 Federal income tax and an accuracy-related

penalty under section 6662[1] in the amount of $43,208. After a concession by respondent,[2] the resulting deficiency and accuracy-related penalty for 1994 are $151,392 and $30,278, respectively.

The sole issue for decision is whether respondent's motion to dismiss for failure properly to prosecute should be granted. We hold it should.

At the time the petition in this case was filed, petitioner resided in Kent, Washington.

## Background

This case was originally scheduled for trial in Hartford, Connecticut, on March 16, 1998. Petitioner twice requested a continuance from the March 16, 1998, Hartford trial session. Both requests were denied. By letter dated November 26, 1997, respondent's counsel in Hartford asked petitioner to provide documents pertinent to the issues in the case. Petitioner did not. On January 27, 1998, counsel for respondent sent petitioner a proposed stipulation of facts. Petitioner did not sign it.

---

[1]All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]Petitioner's residence was sold in 1992, and no replacement residence was purchased. Respondent concedes that the gain on the sale of petitioner's residence is not taxable in 1994, the only year presently before the Court.

In a telephone conference with the Court on February 10, 1998, petitioner informally requested the place of trial be changed to Seattle, Washington.  The Court granted petitioner's request, struck the case from the March 16, 1998, Hartford trial session, and scheduled the case for trial on May 4, 1998, in Seattle.

By letter dated March 23, 1998, counsel for respondent requested documents and a meeting with petitioner, explained the necessity for a stipulation of facts, and again enclosed a proposed stipulation of facts.  In addition, this letter explained the Court's requirement that documents which the parties intended to rely upon at trial be timely exchanged. Petitioner did not execute the proposed stipulation of facts and did not provide any of the requested documents.

On April 28, 1998, the Court held a conference call with the parties.  During that call, petitioner agreed that if he were unable to or failed to provide documents to respondent with respect to the issues in the case, petitioner would concede the issue or item for which no documentation was presented.  The Court directed petitioner to provide the Court and respondent with a written outline of a plan to make petitioner's documents, which were located in Connecticut, available to respondent within 90 days.  The plan was to be presented to the Court and respondent at calendar call on May 4, 1998.

This case was called for trial on May 4, 1998, in Seattle, Washington. No appearance was made by or on behalf of petitioner. Thus, petitioner did not provide the Court or respondent with a written outline of a plan to produce the documentation necessary to resolve this case, as he was directed to do during the April 28, 1998, telephone conference.

The case was set for recall on May 6, 1998. At the request of the Court, respondent drafted a proposed joint stipulation for pretrial preparation. Respondent communicated the Court's direction to petitioner and, after conversing with petitioner, drafted a proposed joint stipulation. On May 6, 1998, the Court approved the proposed stipulation, lodged it, and continued the case. On May 7, 1998, the stipulation was forwarded to petitioner.

On May 14, 1998, petitioner wrote respondent stating that he would wait to sign the proposed joint stipulation until he had met with an Internal Revenue Service revenue agent to discuss the sale of his residence in 1992. Respondent had previously informed petitioner by letter, in telephone conversations, and by respondent's trial memorandum, that the sale of his residence in 1992 was no longer an issue in the case, since 1994 was the only year before the Court.

On May 22, 1998, respondent tried again to obtain a stipulation for pretrial preparation from petitioner. Respondent

also asked petitioner to identify and explain the particular items which he disputed or which were of concern to him. Petitioner did not reply. On June 4, 1998, respondent called petitioner and was told that he had not received the letter. Respondent sent petitioner a second copy of the letter. On June 30, 1998, respondent received a reply. The reply consisted of a copy of part of respondent's letter with discursive notes written on it and certain words and letters crossed out.

On August 6, 1998, respondent's counsel spoke with petitioner to ascertain what action, if any, petitioner had taken, or intended to take, to make available the documents he would rely upon in the case. Petitioner said that due to his medical condition and upon order of his doctors, he was unable to travel to Connecticut, but that he intended to have his wife and friends return to Connecticut in September in order to retrieve the documents. Petitioner stated he was not willing to incur an expense of approximately $500 to have the boxed documents mailed to him in Washington.

On August 11, 1998, respondent wrote petitioner requesting that he provide a letter from his doctor confirming his inability to travel as well as stating, if possible, an opinion as to when petitioner might be able to travel. Petitioner has provided no letter. Respondent's August 11, 1998, letter also set forth all the issues and items in dispute in this case. Respondent

requested petitioner to identify the type of evidence, testimonial or documentary, that he would rely upon in support of his positions.

On September 29, 1998, petitioner was served with a notice setting this case for trial at the trial session in Seattle beginning March 1, 1999. That notice states in large type, "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU." It also states:

> Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

Petitioner was also served with the Court's standing pretrial order which set forth requirements for continuances and for exchange of information and cooperation between the parties.

On January 13, 1999, respondent wrote petitioner yet again, asking him to identify the type of evidence, testimonial or documentary, that he intended to rely upon at trial. This letter also reminded petitioner of the Court's standing pretrial order requiring the parties to identify and exchange any documents they intended to rely upon at trial at least 15 days prior to trial. Petitioner did not respond. On February 9, 1999, respondent

wrote petitioner of an intent to oppose any further continuance of the case.

When petitioner, an elderly gentleman, appeared at the call of the calendar on March 1, 1999, in Seattle, he stated he was in poor health.  He had not complied with respondent's several requests to obtain documents purportedly stored in Connecticut, and he had no plan to obtain the documents.  In light of the large deficiency, the Court advised petitioner to obtain an attorney or at least to consult with one of two pro bono attorneys who were present in the courtroom, either to seek a continuance (if there was good cause) or to prepare for trial. We set the case for trial on March 5, 1999.

On March 5, 1999, the case was recalled by the Court. Petitioner, who had not filed a motion to continue, did not appear.  Counsel for respondent informed the Court that in a conversation with petitioner that morning, petitioner said he intended to retrieve the documents from Connecticut and wanted a continuance of the trial.  Respondent's counsel also gave the Court a handwritten letter from petitioner.  Petitioner did not file the letter directly.  As an accommodation to petitioner, we filed the letter as petitioner's motion to continue.

## Discussion

Petitioner bears the burden of proof as to the deficiency and accuracy-related penalty at issue.  See Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a).

This case has consumed the time and effort of three judges of this Court and has been scheduled for trial on three separate occasions and in two cities.  Although petitioner has apparently been sick, he has been able to file papers with the Court, to write letters to respondent, and to appear at the call of the trial session.  Petitioner's letters to respondent and to the Court are lucid, though evasive and noncommittal.  We believe he has the capacity to retrieve his documents and to cooperate with respondent in preparing this case for trial.  For reasons of his own, he has declined to do so for more than 2 years.

It is well established that this Court can dismiss a case against a party if that party fails to follow our Rules or otherwise fails to properly prosecute his or her case.  See Ducommun v. Commissioner, 732 F.2d 752, 754 (10th Cir. 1983). Rule 123(b) provides for the dismissal of a case when a taxpayer fails to prosecute his or her case, fails to comply with the Court's Rules or any order of the Court, or for any cause which the Court deems sufficient.  See Smith v. Commissioner, 91 T.C. 1049 (1988), affd. 926 F.2d 1470 (6th Cir. 1991); Basic Bible Church v. Commissioner, 86 T.C. 110, 112 (1986).  Dismissal of a

case is a sanction resting in the discretion of the trial court.
See <u>Levy v. Commissioner</u>, 87 T.C. 794, 803 (1986).

As set forth above, petitioner has consistently failed to cooperate with respondent or the Court in an attempt to either reach a settlement or to prepare properly for trial. Petitioner's tactics of delay and failure to cooperate have made it impossible for respondent to conduct negotiations or otherwise proceed with this case.

Accordingly, we grant respondent's motion to dismiss for failure to properly prosecute and deny petitioner's motion to continue.  Therefore, respondent prevails on the remaining issues and the accuracy-related penalty.

<u>An appropriate order and decision will be entered</u>.