**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL BURKE,

          Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

          Respondent-Appellee.

No. 08-9003
(United States Tax Court)
(Tax Court No. 15377-06)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

---

The United States Tax Court dismissed Michael Burke's petition seeking

redetermination of his federal income tax liability for 2002 for failure to

prosecute. Mr. Burke filed a timely motion to vacate the decision, which the Tax

Court also denied. He appeals from both orders. We have jurisdiction over

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeals from the Tax Court under 26 U.S.C. § 7482(a)(1), but we conclude that this appeal is frivolous and therefore dismiss it under 28 U.S.C. § 1915(e)(2)(B)(i). We also deny Mr. Burke's motion to proceed without prepayment of costs or fees.

The Commissioner of Internal Revenue issued a notice of deficiency to Mr. Burke in the amount of $2,711 concerning federal income tax for 2002 based on alleged income Mr. Burke did not report on his tax return. Mr. Burke filed a petition for redetermination, stating that he was seeking "relief from ILLEGAL & UNCONSTITUTIONAL appropriations by Congress" to provide for the national defense and general welfare. R., Doc. 1. He presented no factual basis for any error in the notice of deficiency. In response to the Commissioner's motion to dismiss for failure to state a claim, however, Mr. Burke set forth some factual basis for disputing the deficiency. The Tax Court ordered him to file an amended petition asserting those facts, but instead Mr. Burke filed an amended petition substantially reiterating the allegations of his original petition. Despite Mr. Burke's failure to comply with the court's order regarding amendment, the court denied the motion to dismiss and ordered that the factual allegations contained in the response to the motion to dismiss be incorporated into the amended petition in lieu of what the court deemed clearly frivolous arguments. The Tax Court set the matter for trial in Denver, Colorado, the venue that Mr. Burke, a resident of Clifton, Colorado, which is located some 230 miles west

of Denver, had designated as the place for trial. The trial notice warned the parties that failure to appear could result in dismissal of the case and the entry of an adverse decision.

Mr. Burke next filed an amendment to his amended petition, stating that the case was not about money but "about unconstitutional appropriations by Congress." *Id.*, Doc. 14 at 1. He asserted that if the Tax Court was not the proper venue for consideration of such matters, it should rule in favor of the Commissioner so that he could "begin the appeals process as soon as possible." *Id.* at 2. He also moved for a jury trial and $87,923 for litigation costs and travel expenses. The Tax Court denied his motions, advising him that he was not entitled to a jury trial and that, as an alternative to personally appearing at the trial in Denver, he could either (1) submit the case on a joint motion fully stipulated or (2) obtain counsel, possibly through the University of Denver's Low-Income Taxpayer Clinic. The court provided Mr. Burke with the name and contact information of an attorney affiliated with the clinic.

After denying a motion for summary judgment that the Commissioner filed, the case was called to trial in Denver on October 29, 2007, but neither Mr. Burke nor anyone representing him appeared. The Commissioner filed a motion to dismiss for lack of prosecution, conceding a negligence penalty and therefore leaving no issue upon which the Commissioner bore the burden of proof at trial. The court elected to give Mr. Burke a second chance, contacting him by telephone

to inform him that the matter would be reset for November 1, 2007, and that if he did not appear, the matter would be dismissed. Mr. Burke told the court that he was unable to afford to come to Denver, and when the matter was recalled on November 1, he did not appear. The Tax Court then granted the motion to dismiss for failure to prosecute and decided that a deficiency in the amount of $2,711 existed.

Mr. Burke filed a motion to vacate the order dismissing his petition, contending that he was unable to afford to travel to Denver and arguing the merits of his case. The Commissioner opposed the motion, stating that prior to the trial date, counsel had suggested that the parties submit the matter on stipulated facts and asked Mr. Burke to submit any documentation supporting his contention that moneys he received in 2002 were not income. The Commissioner further asserted that Mr. Burke had provided no such documentation, that facts alleged in the motion to vacate contradicted prior statements he had made, and that he had waited too long to try to resolve his case.

The court denied the motion to vacate because Mr. Burke had not shown any unusual circumstances or substantial errors, as required by Tax Court Rule 162 and relevant case law. The court noted that Denver was the closest location where it held regular sessions, and that despite Mr. Burke's contention that he could not afford to travel to Denver, he had taken no steps to arrange for the prosecution of his case—by stipulation, through counsel, or otherwise.

Mr. Burke appeals from both of the Tax Court's orders. Because he appears pro se, his filings are entitled to a liberal reading. *See Wheeler v. Comm'r*, 528 F.3d 773, 781 (10th Cir. 2008). He filed his appellate brief on this court's form for pro se litigants and identified two issues. For his first issue and supporting argument, he states only that he "had no taxable income in 2002," and that "[d]ocuments proving the above statement were filed w[ith] the court." Pet'r's Br. at 2 (page numbered "3"). As his second issue, he states only that the "District [sic] court says I have to pay taxes on income I didn't have because I didn't properly prosecute the case." *Id.* His supporting argument for this issue consists of one sentence, a restatement of his first issue: "I had no taxable income in 2002." *Id.* In response to other questions on the form, he repeats one-sentence variations on the foregoing points. Significantly, he presents no issue or argument regarding the Tax Court's dismissal for failure to prosecute or its denial of the motion to vacate. Accordingly, he has waived those issues. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994). Given that the Tax Court dismissed the petition for failure to prosecute, Mr. Burke's conclusory arguments concerning the merits of his case are irrelevant to this appeal and, in any event, insufficient to preserve appellate review. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

Because Mr. Burke wholly has failed to take issue with the reason the Tax Court dismissed his petition, we consider his appeal frivolous and dismiss it under

28 U.S.C. § 1915(e)(2)(B)(i), which requires a court to dismiss a case involving a litigant seeking to proceed in forma pauperis at any time the court determines an appeal is frivolous. We also deny Mr. Burke's motion to proceed without prepayment of costs or fees. Consequently, Mr. Burke is obligated to pay the filing fee in full immediately.[1]

Entered for the Court

Wade Brorby
Senior Circuit Judge

---

[1] Even if we did not consider Mr. Burke's appeal to be frivolous, we would conclude that the Tax Court did not abuse its discretion in dismissing the petition for failure to prosecute or denying the motion to vacate. *See Drobny v. Comm'r*, 113 F.3d 670, 676 (7th Cir. 1997) (setting forth abuse-of-discretion standard for tax-court denial of motion to vacate); *Ducommun v. Comm'r*, 732 F.2d 752, 754 (10th Cir. 1983) (same with respect to tax-court dismissals based on failure to prosecute). The court gave Mr. Burke ample opportunity to present his case in a timely and orderly manner without traveling to Denver, but Mr. Burke failed to do so.