**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEVIN D. TEBEDO,

      Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 16-9002
(Tax Court No. 3694-15)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.
_____

This is a frivolous appeal by Kevin D. Tebedo taken from the United States

Tax Court's order dismissing his case for failure to prosecute and its decision in

favor of the Commissioner of Internal Revenue (Commissioner) and against him for

past-due taxes, penalties, and interest. We have jurisdiction under 26 U.S.C. § 7482,

and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2014, Tebedo received deficiency notices from the Internal Revenue Service for the tax years 2006 to 2012. In response, he filed a petition with the tax court raising several roundly discredited arguments in an attempt to avoid his taxes.

In August 2015, the tax court notified the parties the case was set for trial on January 25, 2016. It informed the parties the "failure to appear may result in dismissal of the case and entry of decision against you." R., Doc. 5.[1] And just a few weeks before the trial date, the court sent another notice to remind the parties the failure to appear for trial could result in the case being dismissed.

Prior to the trial call on January 25, 2016, a court reporter presented herself in the courtroom. In an informal discussion, she told the judge Tebedo had hired her to transcribe the proceedings. The judge informed her he had retained an official court reporter and the court would rely on its reporter to prepare the official transcript. Tebedo's court reporter left the courtroom and did not return. Later, the case was called for trial but Tebedo failed to appear.[2] As a consequence, the tax court granted

---

[1] The tax court's standing pretrial order directed the parties to stipulate to facts not in dispute. The parties were also instructed to file a pretrial memorandum "not less than 14 days before the first day of the trial session." *Id*. The court warned the parties it "may impose appropriate sanctions, including dismissal, for any unexcused failure to comply with this Order." R., Doc. 5 at 2. Tebedo refused to cooperate in the preparation of stipulations or respond to any of the Commissioner's proposed facts. He also ignored the Commissioner's discovery requests and failed to file a pretrial memorandum.

[2] Because Tebedo hired a court reporter for the January 25, 2016 proceedings, he was obviously aware of the trial date. But because Tebedo failed to appear and object, any issue concerning the court reporter has not been preserved for appellate review. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141

(continued)

2

the Commissioner's motion to dismiss for failure to prosecute. After considering Tebedo's later-filed objection, the court entered a decision in favor of the Commissioner and against him for the amounts requested.

In the interest of conserving its time and resources for those who pursue their claims in good faith, "every court has the inherent power, in the exercise of its discretion, to dismiss a case for want of prosecution." *Ducommun v. Comm'r*, 732 F.2d 752, 754 (10th Cir. 1983). In addition to this inherent power, tax court rules specifically permit the court to dismiss a case and enter a decision against the petitioner "[f]or failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient." Rules of Practice and Procedure of the United States Tax Court 123(b).

The "courts should look to Rule 41, F.R.Civ.P., for guidance in determining standards for dismissal." *Ducommun*, 732 F.2d at 754. This "court will not reverse such a dismissal in the absence of abuse of discretion." *Id*. "A discretionary decision . . . should only be reversed if we have a definite and firm conviction that the [tax] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Kurzet v. Comm'r*, 222 F.3d 830, 843 (10th Cir. 2000) (internal quotation marks omitted).

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

(10th Cir. 2007) ("An issue is preserved for appeal if a party alerts the district court to the issue and seeks a ruling.").

3

Fed. R. Civ. P. 41(b). "[I]n determining whether to dismiss an action with prejudice under Rule 41(b)" the court should consider: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007).

Tebedo does not discuss any of the above factors or advance any other argument as to why the tax court's order to dismiss was error. Nonetheless, we have no difficulty in concluding the court did not abuse its discretion.

Tebedo's failure to comply with the tax court's orders, including those concerning stipulations and pretrial memorandum, prejudiced the Commissioner because more time was spent on trial preparation. And his interference with the judicial process is obvious—he failed to comply with any of the court's orders, and decided not to appear for trial with no advance notice to the court. Also, there is nothing to suggest anyone other than Tebedo was to blame. Moreover, he was warned the failure to appear for trial could result in dismissal. Finally, because Tebedo consistently failed to obey the court's orders, there is no reason to think a lesser sanction would have been effective.[3]

---

[3] On appeal, Tebedo does not challenge the tax court's merits decision (upholding past-due taxes, penalties, and interest). Instead, he simply contends the decision should be vacated because the tax court did not permit his court reporter to

(continued)

The judgment of the tax court is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

substitute for the official court reporter.  In myopically focusing only on procedure he has waived any substantive complaints.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).