FILED
United States Court of Appeals
Tenth Circuit

August 28, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANCES M. SCOTT; GALEN L.
AMERSON,

      Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 17-9001
(Tax No. 26717-14)
(U.S. Tax Court)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

The Commissioner of Internal Revenue sent a notice of deficiency to

Appellants Frances M. Scott and Galen L. Amerson (collectively, "the taxpayers"),

advising them of an income tax deficiency of $36,517 for the 2011, 2012, and 2013

tax years. The taxpayers petitioned the Tax Court for a redetermination of the

deficiency. They did not allege any calculation errors, but instead proffered a series

of typical tax-defier arguments questioning the essence of our country's tax system.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Despite multiple notices and reminders, the taxpayers did not appear at trial. Ultimately, the Tax Court dismissed the petition under Tax Court Rule 123(b) for lack of prosecution, ruled against the taxpayers on the deficiency issue, and imposed a $6,000 penalty. The taxpayers now appeal. Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

The Tax Court thoroughly and accurately recounted the procedural history of this case in its orders dated October 21, 2016, November 3, 2016, December 22, 2016, and January 5, 2017. *See* Aplee. Br., Attach. A at 13-15, 16-21, 23-27 & 28-30. As this history shows, the Tax Court was exceedingly patient with the taxpayers despite their failure to appear at trial or comply with a show cause order to explain their absence, their insistence on reiterating arguments rejected by the Tax Court as frivolous, and repeated missed deadlines. In addition, the Tax Court carefully detailed the basis for its dismissal.

This court will not reverse a dismissal for failure to prosecute absent an abuse of discretion. *Ducommun v. Comm'r*, 732 F.2d 752, 754 (10th Cir. 1983). We have no difficulty concluding the Tax Court did not abuse its discretion. Nor do we have anything to add to its well-reasoned orders. We have already denounced similar tax-defier arguments as "completely lacking in legal merit and patently frivolous." *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *accord Casper v. Comm'r*, 805 F.2d 902, 904-05 (10th Cir. 1986), *overruled on other grounds by Wheeler v. Comm'r*, 521 F.3d 1289 (10th Cir. 2008); *Charczuk v. Comm'r*, 771 F.2d 471, 472-74 (10th Cir. 1985). And the taxpayers have not even attempted to contest

2

the Tax Court's authority to dismiss their lawsuit or penalize them for their conduct. Accordingly, we affirm the Tax Court's decision.

The taxpayers' request for leave to file a supplement to their brief dated June 15, 2017, is granted, and the court has considered the new material presented therein.

Entered for the Court

Terrence L. O'Brien
Circuit Judge